William H. Moorhead v. Commissioner.
Moorhead v. Commissioner
Docket No. 88875.
United States Tax Court
1943 Tax Ct. Memo LEXIS 405; 1 T.C.M. (CCH) 761; T.C.M. (RIA) 43126; March 16, 1943
*405 J. W. Miles, Esq., for the petitioner. E. L. Corbin, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency of $385.65 in petitioner's income tax for 1934. The only issue presented is whether the respondent erred in disallowing a deduction of $5,500 taken by petitioner as a worthless loan. Findings of Fact The petitioner is an individual and his income tax return for 1934 was filed with the Collector of Internal Revenue at Baltimore, Maryland. He is not engaged in business and has no employment. His income is from a trust fund administered by trustees in Pittsburgh, Pennsylvania. Although his residence is in Baltimore he spends most of his time elsewhere, coming to Baltimore from time to time. In 1924 or prior thereto the petitioner became acquainted with Robert J. Smith, and shortly thereafter Smith introduced him to Clarence M. Plitt, who was engaged in the wholesale meat business in Baltimore. Neither Smith nor Plitt were in any way related to petitioner. The petitioner later gave Plitt a general power of attorney and Plitt receives and handles the income payable to him from the above-described trust. In *406 1932 Smith, who was then employed as cashier by a national bank in Pennsylvania, was charged with defalcation of the bank's funds and his services were terminated. He was tried early in 1933, found guilty of embezzlement and sentenced to jail for six months. During the interval before trial the petitioner through Plitt advanced $7,500 to or on behalf of Smith, receiving therefor Smith's unsecured, non-interest-bearing promissory note dated February 15, 1933, and due one year after date. A portion of the money was paid to Smith for living expenses and the balance was paid out by Plitt in connection with Smith's defense. It had been thought at first that Smith's difficulties might be settled and that he would go to California where he had been promised a job. Smith was an accountant and had been considered a competent man and of good character. At the time the advances were made to Smith, his assets consisted of a boat of undisclosed character or value and a parcel of real estate situated on the Susquehanna River, which real estate was not immediately salable. The real estate was mortgaged for $5,400 but Smith represented that his equity amounted to approximately $3,500. At some undisclosed *407 date or dates the petitioner made an additional loan or loans to Smith in the amount of $5,500, but that amount is not in controversy in this proceeding. After being released from prison, Smith did procure a job in California but was not able to or at least did not hold it. By or before the summer of 1934 he had returned East. So far as the record shows, he had no work thereafter and in 1938 died in his sleep. At some date not shown his boat was lost or disposed of and the real estate was taken over by a bank. Smith had gone to pieces physically and mentally and it was apparent from his condition that nothing could be expected from him in repayment of the loans made by the petitioner. Plitt executed and filed the petitioner's income tax return for 1934 and in it claimed a deduction of $5,500, with the explanation "Note of Robert J. Smith deemed worthless 1934 - $5,500." The deduction was taken on account of Smith's note for $7,500 and it was through a clerical error that $5,500 was deducted instead of $7,500. In determining the deficiency the respondent disallowed the deduction. Opinion The petitioner contends that the loan to Smith became worthless in 1934 and that the evidence *408 so shows. The respondent takes the position that the debt was worthless in 1933 or as soon as the loan was made. The evidence as to the time of the various occurrences is very indefinite, and the facts are quite sketchy. The petitioner did not appear at the trial and we have no information except that obtained in the course of Plitt's testimony. There seems to be no doubt that by midsummer of 1934 Smith's condition indicated that nothing would be recovered from him on the loans. He had, to use the language of Plitt, "just gone to pieces mentally and otherwise." The record does not show, however, when this condition occurred or first became apparent. There is some indication that it was at first anticipated that Smith would not have to go to trial but that his difficulties could be settled so that he could go to California and take a responsible job in connection with the building of a bridge at San Francisco. These hopes did not materialize and he was convicted early in 1933 and sentenced to jail for six months. He went to California but did not hold the job obtained, and returned East. We are not advised as to when these things occurred, whether in 1933 or 1934. Neither do we know *409 just when, in relation to his prison sentence, his release from prison, his trip to California and his return East, the physical and mental condition described by Plitt arose or became apparent. On the record as it stands, we are unable to conclude that the debt owing by Smith to the petitioner became worthless in 1934 and that it was not worthless in 1933. Decision will be entered for the respondent.